IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| CYNTHIA MARIE DROGUS, | ) |  |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 12-643 |
| CAROLYN W. COLVIN,[1] Commissioner of Social Security | ) | |
| Defendant. | ) | |

AMBROSE, U.S. Senior District Judge

## OPINION AND ORDER

I. Synopsis

Plaintiff Cynthia Marie Drogus filed this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying her application for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act. 42 U.S.C. §§ 1381-1383f. Pending before the Court are cross-motions for Summary Judgment. ECF Nos. [13] (Plaintiff) & [15] (Defendant). Both parties have filed Briefs in Support of their Motions. ECF Nos. [14] (Plaintiff) & [16] (Defendant). After careful consideration of the submissions of the parties, and based on my Opinion, as set forth below, I GRANT Defendant's Motion for Summary Judgment [15] and DENY Plaintiff's Motion for Summary Judgment [13].

---

[1] On February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of Social Security. Pursuant to Fed. R. Civ. P. 25(d), when a public officer who is party to a case in his official capacity ceases to hold office while an action is pending, the officer's successor is automatically substituted as a party. Accordingly, Carolyn W. Colvin is substituted for named defendant Michael J. Astrue.

1

II. Background

Plaintiff protectively filed an application for DIB and SSI on February 16, 2010, alleging disability beginning on May 1, 2008. Pl.'s Br. 1. When Plaintiff's applications were initially denied, she filed a request for a hearing before an Administrative Law Judge ("ALJ"). *Id.* at 1-2. Plaintiff testified at the hearing held on June 22, 2011. *Id.* at 2. Subsequently, on July 21, 2011, the ALJ issued a decision finding Plaintiff not disabled under the Social Security Act. ECF No. 9, 12-24. The Appeals Council denied Plaintiff's request for a review of the ALJ's decision. Pl.'s Br. 3. This appeal followed and, as the parties have filed cross-motions for Summary Judgment, the issues are now ripe for review.

III. Legal Analysis

*A. Standard of Review*

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen*, 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "[m]ore than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala*, 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales*, 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. § 405(g); *Dobrowolsky v. Califano*, 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel*, 995 F. Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d

Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See* 5 U.S.C. § 706.

To be eligible for supplemental security income ("SSI"), a plaintiff must demonstrate that she cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. § 1382c(a)(3)(A).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. § 41.920. The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R. pt. 404, subpt. P, app. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience, and residual functional capacity. 20 C.F.R. § 416.920. A Claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (Steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (Step 5).

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris*, 745 F.2d 210, 221 (3d Cir. 1984).

*B. Whether the ALJ Erred in Evaluating Plaintiff's Residual Functional Capacity*

First, Plaintiff argues that the ALJ failed to apply the appropriate legal standard in his evaluation of Plaintiff's residual functional capacity (RFC) and that the ALJ's finding is not supported by substantial evidence. Pl.'s Br. 6-10. Specifically, Plaintiff alleges that "the ALJ's conclusion as to [Plaintiff's] exertional level is inconsistent with the functional assessment" because the ALJ found the Plaintiff capable of light work but further limited the type of light work that Plaintiff could do. *Id.* at 7. An RFC determination is an assessment of the *most* an individual can do given his or her limitations. SSR 96-8p. Here, the ALJ explained that he did not find "reasonable support in the evidence of record as a whole for a more restrictive finding." ECF No. 9, 20. I find substantial evidence supports the ALJ's conclusion. Therefore, I find no error in the ALJ's determination that Plaintiff is capable of a limited range of light work.

Additionally, Plaintiff asserts that the ALJ's finding contradicts the medical opinion of Dr. Kraynak. Pl.'s Br. 8. Dr. Kraynak is the State agency doctor who conducted a consultative examination of Plaintiff in May 2009. ECF No. 9, 263-70. An ALJ is required to evaluate all of the medical opinions received. 20 C.F.R. §§ 404.1527(b), 416.927(b). In so doing, an ALJ is required to give reasons for any evidence discounted or rejected. *Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999). When evaluating medical opinions, an ALJ should consider whether there is reasonable support for the opinion and whether the opinion is consistent with the other substantial evidence in the record. SSR 96-2p; 20 C.F.R. § 404.1527(c). If a medical opinion is well-supported but not consistent with the other substantial evidence in the record, it may not be given "controlling weight." SSR 96-2p. Moreover, opinions on issues such as an RFC determination are never entitled to controlling weight, as that is an issue reserved to the Commissioner. SSR 96-5p; *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 359 (3d Cir. 2011).

4

Here, the ALJ explained that he found Dr. Kraynack's opinion largely based on Plaintiff's subjective complaints, which he found to be "wholly inconsistent with the information from her treatment records."[2] ECF No. 9, 19. Accordingly, the ALJ also found Dr. Kraynack's opinion inconsistent with the evidence of record and, therefore, afforded it little weight. ECF No. 9, 22. "An ALJ may reject the claimant's subjective testimony if he does not find it credible so long as he explains why he is rejecting the testimony." *Hurlimann v. Astrue*, No. 09-94J, 2010 WL 2606521, at *4 (W.D. Pa. June 28, 2010) (citing *Schaudeck v. Comm'r of Soc. Sec.*, 181 F.3d 429, 433 (3d Cir. 1999)). Because I find substantial evidence to support the ALJ's conclusion that Plaintiff's statements are not supported by her treatment records, I find no error in the ALJ's decision to afford Dr. Kraynack's opinion little weight. *See* ECF No. 9, 19 & 22.

   *C. Whether the ALJ Applied the Appropriate Legal Standard in Assessing Plaintiff's Credibility*

As explained above, I find no error in the ALJ's assessment of Plaintiff's credibility. Contrary to Plaintiff's assertion that the ALJ merely compared Plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms with his own RFC finding, the ALJ plainly stated in his Opinion that he found claimant's statements "wholly inconsistent with the information in her treatment records." ECF No. 9, 19. In fact, throughout his Opinion, as the ALJ evaluated each of Plaintiff's impairments, he carefully considered and rejected many of Plaintiff's subjective allegations as uncorroborated by her treatment records. *See, e.g.*, ECF No.

---

[2] Although Plaintiff suggests in a footnote that the ALJ's on-the-record conversation with Plaintiff's counsel during the hearing regarding completeness of the record and Plaintiff's alleged impairments was "misleading," Pl.'s Br. 7, n.2, I find nothing in the hearing testimony or the record to suggest that the ALJ made a determination on an incomplete record. As the ALJ noted in his Opinion: "Although the treatment reflected in these records has been relatively conservative, sporadic, and routine, it does cover the relevant period, and [claimant's] most recent treatment reflected in the record is from May 2011 [a month before the hearing]. As such, I find the record sufficient for decision." ECF No. 9, n.16. I concur. In addition to agreeing that the medical record was complete, Plaintiff's counsel did not question the Vocational Expert himself, indicating that the ALJ "addressed everything that [he] would have liked to have addressed." ECF No. 9, 52. Accordingly, I find the record was sufficiently complete for the ALJ to render a decision.

5

9, 20 (finding inconsistencies regarding Plaintiff's reports of pain and functional limitations and the associated medical treatment), 20-21 (finding Plaintiff's allegations as to significant limitations in the use of her left hand unsupported by the treatment record), 21 (considering Plaintiff's allegations of irritable bowel syndrome, weight, and asthma and explaining why, in each case, Plaintiff's allegations are not supported by her treatment record). Although Plaintiff argues that her statements "are supported by competent medical evidence," Pl.'s Br. 11, the standard is not whether there is evidence to establish the Plaintiff's position but, rather, whether there is substantial evidence to support the ALJ's finding. *Allen v. Bowen*, 881 F.2d 37, 39 (3d Cir. 1989). I find substantial evidence that the ALJ evaluated Plaintiff's symptoms in accord with Social Security Regulation 96-7p and 20 C.F.R. §§ 416.929(c), 404.1529(c). Consequently, I find no error in the ALJ's assessment.

*D. Whether the ALJ Erred at Step 5 of the Sequential Process*

Plaintiff argues that the ALJ erred at Step 5 of the sequential process by relying on the testimony of the vocational expert ("VE"). Pl.'s Br. 13. Specifically, Plaintiff asserts the ALJ's questioning of the VE was incomplete (due to alleged errors in the ALJ's RFC determination, assessment of opinion evidence, and determinations regarding Plaintiff's credibility) and that the VE did not adequately address Plaintiff's need for four bathroom breaks because the need is not addressed in the occupational information supplied in the Dictionary of Occupational Titles ("DOT"). *Id.* at 13-14. As explained, *supra*, because I find no error with the ALJ's RFC determination, his assessment of Plaintiff's credibility, or his analysis of the opinion evidence, I find no error with the ALJ's questioning of the VE in that regard.

Additionally, I find no error in the way the ALJ addressed the Plaintiff's need for bathroom breaks in the hypothetical questions posed to the VE. Hypothetical questions posed to

a VE must include all of a claimant's impairments that are supported by the record for the VE's answer to be considered substantial evidence. *Ramirez v. Barnhart*, 372 F.3d 546, 552 (3d Cir. 2004) (internal citations omitted). An ALJ merely must accurately account for the appropriate degree of a claimant's limitations in formulating hypotheticals for a VE. *McDonald v. Astrue*, 293 F. App'x 941, 946 (3d Cir. 2008). Here, the ALJ included in his hypothetical questions the frequency of bathroom breaks that he felt was supported by the record. ECF No. 9, 51 (asking the VE to assume a hypothetical where the individual would have "access to a bathroom for a brief bathroom break four times per day"); *Id.* at 21 (in his Opinion, the ALJ concluded that Plaintiff's allegations related to her irritable bowel syndrome were not supported by the record because she required no significant treatment for the condition and, contrary to expectations of one with such a condition, Plaintiff experienced weight gain). There is substantial evidence in the record to support the ALJ's conclusion regarding Plaintiff's need for bathroom breaks. Consequently, I find the hypothetical questions posed to the VE proper.

Further, because the VE in this case stated that her testimony did not conflict with definitions provided in the DOT, the ALJ was entitled to rely upon the VE's testimony. ECF No. 9, 52; *see also* SSR 00-4p; *see, e.g., Green v. Astrue*, No. 10-468, 2010 WL 4929082, at *6 (Nov. 30, 2010) (relying on *Gibbons v. Barnhart*, 85 Fed. App'x 88 (10th Cir. 2003) ("The vocational expert specifically testified that the limitations of simple reading and writing were consistent with the alternative jobs he identified" and "once the VE stated that he was relying on the DOT, the ALJ had no further duty to investigate.")).

IV. Conclusion

Based on the evidence of record and the briefs filed in support thereof, I find there is substantial evidence to support the ALJ's conclusion that Plaintiff is not disabled within the

7

meaning of the Social Security Act. As a result, I DENY Plaintiff's motion for Summary Judgment, and I GRANT Defendant's motion for Summary Judgment.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CYNTHIA MARIE DROGUS,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN,<br>Commissioner of<br>Social Security<br><br>Defendant. | Civil Action No. 12-643 |

AMBROSE, U.S. Senior District Judge

## ORDER OF COURT

AND NOW, this 16th day of April, 2013, after careful consideration of the submissions of the parties and for the reasons set forth in the Opinion accompanying this Order, it is ordered that Plaintiff's Motion for Summary Judgment (ECF No. [13]) is DENIED and Defendant's Motion for Summary Judgment (ECF No. [15]) is GRANTED. In accordance with 42 U.S.C. § 405(g), the administrative decision of the Commissioner of Social Security is hereby AFFIRMED.

BY THE COURT:

Donetta W. Ambrose
U.S. Senior District Judge